# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY BRAIN & SPINE CENTER, <br><br>        Plaintiff, <br><br>  vs. <br><br> AETNA LIFE INSURANCE CO.; *et al.*, <br><br>        Defendants. | Civil Action No. 16-01797 |
| NORTH JERSEY BRAIN & SPINE CENTER, <br><br>        Plaintiff, <br><br>  vs. <br><br> AETNA LIFE INSURANCE CO.; *et al.*, <br><br>        Defendants. | Civil Action No. 16-01544 <br><br><br><br> <u>Return Date</u>:  Sept. 6, 2016 <br><br><br> **Oral Argument Requested** |

_____

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTIONS TO REMAND FOR LACK OF ERISA JURISDICTION
_____

Eric D. Katz  |  NJ Atty. No. 016791991
David M. Estes  |  NJ Atty. No.  034532011
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
P: 973-228-9898
F: 973-228-0303
E: ekatz@mskf.net
*Counsel for Plaintiff*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................... ii

INTRODUCTION .............................................................................................1

FACTS ..............................................................................................................5

   A. The Dispute ............................................................................................5

   B. The Parties .............................................................................................6

   C. Procedural History .................................................................................7

ARGUMENT ....................................................................................................9

### BECAUSE THERE IS NO SUBJECT-MATTER JURISDICITON, REMAND IS REQUIRED

   A.  THERE IS NO ERISA JURISDICTION WHERE THE DISPUTE
       INVOLVES THE *AMOUNT* OF COVERAGE .................................9

   B.  REMAND IS REQUIRED BECAUSE DEFENDANTS FAILED
       TO ESTABLISH THAT PLAINTIFF HAS ERISA STANDING ....................16

   C.  THERE IS NO ERISA JURISDICTION BECAUSE THE SAVINGS
       CLAUSE APPLIES TO NEW JERSEY INSURANCE LAWS .........................23

   D.  THERE IS NO BASIS FOR SUPPLEMENTAL JURISDICTION ...................26

CONCLUSION....................................................................................................28

# TABLE OF AUTHORITIES

<u>Cases</u>

*Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)..................................................2,10,13,14,15,16

*Alessi v. Beracha*, 244 F. Supp. 2d 354 (D. Del. 2003)....................................................................5

*CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165 (3d Cir. 2014)...........................2,10,11,14

*DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003)...................................................4,27

*Emergency Physicians of St. Clare's v. United Health Care*, No. 14-404,
   2014 WL 7404563 (D.N.J. Dec. 29, 2014).......................................................10,11,14,15,18,20

*Englewood Hosp. & Med. Ctr. v. AFTRA Health Fund*, No. 6–637,
   2006 WL 3675261 (D.N.J. Dec. 12, 2006)........................................................................11

*Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102
   (9th Cir. 2011), *cert. denied*, 133 S. Ct. 979 (2013) ...........................................................23,24

*Franchise Tax Bd. of Cal. v. Contr. Laborers Vaca. Trust for S. Ca.*,
   463 U.S. 1 (1983)..................................................................................................................2

*Healy v. Ratta*, 292 U.S. 263 (1934)..................................................................................2

*Horizon Blue Cross Blue Shield of N.J. v. E. Brunswick Surgery Ctr.*,
   623 F. Supp. 2d 568 (D.N.J. 2009) ...................................................................................11,14

*Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003) ...................................3,23,24

*Levine v. United Healthcare Corp.*, 402 F.3d 156 (3d Cir. 2005) ......................................22,23,24

*Mazzola v. AmeriChoice of N.J., Inc.*, No. 13-429, 2013 WL 6022345
   (D.N.J. Nov. 13, 2013)..........................................................................................................27

*MedWell, LLC v. CIGNA Healthcare of N.J., Inc.*, No. 13-3998,
   2013 WL 5533311 (D.N.J. Oct. 7, 2013)...................................................3,4,16,17,18,20,21,27

*N.J. Spinal Med. & Surgery, P.A. v. Aetna Ins. Co.*, No. 09-2503,
   2009 WL 3379911 (D.N.J. Oct. 19, 2009)................................................................................17

*N.J. Spinal Med. & Surgery PA v. IBEW Loc. 164*, No. 11-5493,
   2012 WL 1988708 (D.N.J. May 31, 2012)...........................................................................16,17

*N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 2014 WL 895407
  (D.N.J. Mar. 6, 2014), *rev'd*, 801 F.3d 369 (3d Cir. 2015) ........................................................17

*N. Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc.*,
  No. 07-4812, 2008 WL 4371754 (D.N.J. Sept. 18, 2008)................................14,16,17,18,20,21

*PAS v. Travelers Ins. Co.*, 7 F.3d 349 (3d Cir. 1993) ....................................................................7

*Pascack Valley Hospital, Inc. v. Loc. 464A UCFW Welfare Reimbursement
  Plan*, 388 F.3d 393 (3d Cir. 2004) ................................................................................ *passim*

*Somerset Ortho. Assocs., P.A. v. Aetna Life Ins. Co.*, No. 06-867,
  2007 WL 432986 (D.N.J. Feb. 2, 2007) ...................................................................10,14,16,18

*Specialty Surgery of Middletown v. Aetna*, No. 12-4429, 2014 WL 2861311
  (D.N.J. June 24, 2014) ........................................................................................................18

*Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006
  (3d Cir. 1987).......................................................................................................................5

*Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc.*, No. 06-928,
  2007 WL 2416428 (D.N.J. Aug. 20, 2007) .............................................................................14

*Vaimakis v. United Healthcare/Oxford*, No. 07-5184, 2008 WL 3413853
  (D.N.J. Aug. 8, 2008)........................................................................................................16,17

## <u>Statutes</u>

28 U.S.C. § 1331 .................................................................................................................7

28 U.S.C. § 1367 .................................................................................................................7

28 U.S.C. § 1441(a) .............................................................................................................7

28 U.S.C. § 1441(c) .............................................................................................................7

28 U.S.C. § 1447(c) .............................................................................................................8

29 U.S.C. § 1144(b)(2)(A) .................................................................................................23

ERISA § 502(a) ...................................................................................................................9

ERISA § 502(a)(1)(B) ..................................................................................................13,14

The Healthcare Information Networks & Technologies Act (HINT Act) ......................12,19,23

The Health Claims Authorization, Processing & Payment Act (HCAPPA) ...................12,19,23

## INTRODUCTION

Plaintiff North Jersey Brain & Spine Center ("NJBSC") submits this brief in support of its motions to remand these actions for lack of subject-matter jurisdiction.

These healthcare disputes were filed in state court. Plaintiff rendered emergency or preauthorized medical care to dozens of individuals who suffered brain and spinal injuries, and who are insured under healthcare insurance plans sponsored, funded and/or administered by the Aetna and other defendants.[1] However, defendants refused to issue the proper amount of reimbursement. Consequently, NJBSC filed these suits, asserting claims based solely on New Jersey state law.

On March 17, 2016, defendants filed knee-jerk Notices of Removal, claiming "complete preemption" pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). However, defendants' cookie-cutter removal petitions lack the allegations required to satisfy the *Pascack* test for ERISA jurisdiction or to respond to the allegations in plaintiff's complaints. Instead, defendants rely on generic

---

[1]     The three Aetna defendants are Aetna Life Insurance Co., Aetna Health Inc. and Aetna Health Insurance Co. The twenty-three other defendants are Bank of Am. Corp.; Marriott Inter'l, Inc.; Teamsters W. Region & N.J. Health; Securitas Security Servs. USA, Inc.; United Benefit Fund, Mason Tenders' Dist. Council Welfare; Bergen Muni. Empl. Fund, United Airlines, Inc.; Costco Wholesale Corp.; Creative Mgmt. Servs. LLC; KPMG LLP; Reynolds Am. Inc.; BioReference Labs., Inc.; Quest Diagnostics Inc.; Aramark Corp., SDK Aparts.; Tyco Inter'l Mgmt. Co., LLC; The Bank of N.Y. Mellon Corp.; Techmedia Network, Inc.; TD Bank, N.A.; Brooker Engr'g; Tension Envelope Corp.; and Bazing LLC. (Collectively "Aetna").

1

platitudes regarding the broad scope of ERISA preemption.  But ERISA preemption has limits.  And the claims asserted in these cases are beyond ERISA's reach.

A "defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." *Franchise Tax Bd. of Cal. v. Contr. Laborers Vaca. Trust for S. Ca.*, 463 U.S. 1, 10 (1983).  The Supreme Court has cautioned that "[d]ue regard for the rightful independence of state governments...requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270 (1934).  So, to disregard and override plaintiff's well-pled complaints, defendants must establish that plaintiff "'could have brought [its] claim under ERISA'" and that "'there is no other independent legal duty that is implicated by a defendant's actions.'" *Pascack Valley Hospital, Inc. v. Loc. 464A UCFW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

Defendants cannot surmount the *Pascack* test.  <u>First</u>, the Third Circuit and this District have repeatedly held that when a healthcare dispute is predicated on the **amount** of reimbursement (rather than the existence of coverage), then the claim is <u>not</u> subject to ERISA preemption.  *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 177-78 (3d Cir. 2014).  Here, plaintiff alleges that defendants failed to reimburse the correct amount for covered services.  And there are no allegations to

the contrary in defendants' removal pleadings. Therefore, there can be no ERISA preemption of such claims, and these actions should be remanded to state court.

Second, the Third Circuit and this District hold that a removing party must establish that a plaintiff-provider has standing to assert ERISA claims. *E.g.*, *MedWell, LLC v. CIGNA Healthcare of N.J., Inc.*, No. 13-3998, 2013 WL 5533311 (D.N.J. Oct. 7, 2013). Defendants utterly fail to make any relevant allegations, or attach to their removal petitions the required documents. Consequently, they cannot establish that plaintiff could have brought the underlying claims pursuant to ERISA, and for this alternative reason, remand is also required.

Third, the Supreme Court has held that ERISA's savings clause precludes preemption when a state law regulates insurance. *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003). Here, plaintiff has asserted claims pursuant to New Jersey insurance statutes and regulations, and these laws affect the bargain between the insurer and insured and risk-pooling by defendants. Therefore, for yet another independent reason, these claims also cannot be preempted by ERISA.

Fourth, defendants concede in their removal petitions that only "some" or "several" of the subject healthcare plans are purportedly so-called ERISA plans. With respect to the balance of plans, it is undisputed that they are not governed by ERISA. And plaintiff asserts claims arising under New Jersey's regulation and oversight of insurance in this State. Accordingly, the Court should decline to

exercise supplemental jurisdiction over these non-ERISA claims and plans. *DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308-09 (3d Cir. 2003).

In sum, Aetna's removal notices rely on generic banalities and lack any meaningful response to the allegations in NJBSC's complaints, and the applicable legal standards and precedents that define the parameters of ERISA preemption. The "party seeking removal to federal court must establish federal subject-matter jurisdiction by a preponderance of the evidence"; here, Aetna "bears the burden of proving that Plaintiff's claim is truly an ERISA claim" and all issues "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *MedWell*, 2013 WL 5533311, at *2 (citations & quotation marks omitted). Defendants have not come close to carrying their burden, that is, removing all doubt regarding jurisdiction. Accordingly, these cases should be remanded.

# FACTS

The procedural posture requires that all allegations in NJBSC's complaints be presumed to be true and all favorable inferences be given to plaintiff. *Alessi v. Beracha*, 244 F. Supp. 2d 354, 356 (D. Del. 2003). The removal statutes are to be strictly construed against removal, and all doubts are to be resolved in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

## A.    The Dispute

Between January 2014 and November 2015, plaintiff [NJBSC] rendered emergency and urgent medical care to thirty-four (34) individuals who suffered from brain and spinal injuries. These individuals are covered under healthcare plans insured, operated or administered by Aetna and the other defendants. Aetna and the other defendants issued gross underpayments for the services rendered. Plaintiff has undertaken strenuous efforts to resolve Aetna's and the other defendants' systematic pattern of underpaying for emergency and life-saving medical care. Yet, Aetna and the other defendants have refused to make proper payment – instead frequently directing plaintiff to bill the patients for medical services that should be covered by their plans. **During the same period Aetna reaped enormous profits, exceeding $2 billion in 2014 alone, and executive compensation exceeded $35 million**. And in the past, Aetna has been sanctioned by New Jersey's Department of Banking and Insurance for its failure to properly pay for emergency services. **This suit is necessary to ensure that plaintiff is correctly reimbursed for the services rendered and that plaintiff's patients are not improperly saddled with costs that Aetna and the other defendants should have paid**.

*See* Case No. 16-01797, Compl. ¶ 1 (emphasis added) (*available at* D.E. 1, Ex. A). In addition to the preceding 34 patients, "NJBSC…rendered the following medically necessary medical and surgical services to…seven (7) [additional] patients." *See* Case No. 16-01544, Compl. ¶ 10 (*available at* D.E. 1, Ex. A).

**B.     The Parties**

"Plaintiff North Jersey Brain & Spine Center ("NJBSC") is a medical practice specializing in neurosurgical procedures and treatment of the brain and spinal cord…. At all relevant times, NJBSC was an out-of-network, or non-participating, healthcare provider that provided emergency and related necessary medical services" to thirty-four (34) patients who are covered under healthcare plans sponsored, funded, operated, controlled and/or administered by defendants." *See* Case No. 16-01797, Compl. ¶ 2; *accord* Case No. 16-01544, Compl. ¶ 1 (7 additional patients).

Defendants Aetna Life Insurance Co., Aetna Health Inc. and Aetna Health Insurance Co. are "part of the Aetna brand, a group of managed care companies consisting of plans providing healthcare coverage to members and their dependents, as well as administrative services to self-funded plans" and they "provided out-of-network health and medical coverage in New Jersey" to the patients that Plaintiff treated. *See* Case No. 16-01797, Compl. ¶ 3-5; *accord* Case No. 16-01544, Compl. ¶ 2-4. The remaining twenty-three (23) other defendants are the employers and/or

6

healthcare plans that fund and/or sponsor the healthcare insurance of the 34 patients that plaintiff treated. *See* Case No. 16-01797, Compl. ¶ 7-30. (Collectively all defendants are referred to as "Aetna")

## C.   <u>Procedural History</u>

Plaintiff NJBSC filed these lawsuits in New Jersey Superior Court in February 2016. *See* Case No. 16-01797, Compl., pg. 1; Case No. 16-01544, Compl. pg. 1.

On March 17, 2016, the three Aetna defendants (purportedly) filed Notices of Removal for this pair of cases. *See* Case No. 16-01797, Removal Pet. (*available at* D.E. 1; Case No. 16-01544, Removal Pet. (*available at* D.E. 1). The sole basis for removal is ERISA preemption. Specifically, defendants claim that the Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1441(c). *See* Case No. 16-01797, Removal Pet., ¶¶ 15, 18; Case No. 16-01544, Removal Pet. ¶¶ 15, 18. Defendants do <u>not</u> assert diversity jurisdiction, nor is there complete diversity.

However, the Notice of Removal in Case No. 16-01797 is procedurally defective,[2] and so is the subject of an independent motion to remand for procedural defects, which was filed on April 18, 2016 and returnable on June 6, 2016. *See PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993) ("Cases may be remanded under

---

[2]     The tortured procedural history of the removal attempts in Case No. 16-01797 is set forth in plaintiff's briefs seeking remand for procedural defect. *See* Pl. Br., Cert., Reply Br. & Reply Cert. (*available at* Case No. 16-01797, D.E. 6 & D.E. 15).

§ 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure.").

The Court also entered a consent order setting July 25, 2016 as the date for plaintiff to file the motion *sub judice* to remand for lack of subject-matter jurisdiction. *See* Case No. 16-01544, D.E. 7.

**ARGUMENT**

**BECAUSE THERE IS NO SUBJECT-MATTER
JURISDICITON, REMAND IS REQUIRED**

These subject actions should be remanded because defendants cannot meet their burden as the removing party to satisfy either part – let alone both requirements – of the *Pascack* test.  In addition, ERISA's savings clause applies to claims asserted in these lawsuits.

**A.    THERE IS NO ERISA JURISDICTION WHERE THE DISPUTE
INVOLVES THE *AMOUNT* OF COVERAGE**

The Third Circuit has repeatedly instructed district courts that ERISA preemption does <u>not</u> apply when a healthcare dispute centers on the *amount* of coverage, as opposed to the *existence* of coverage.  Because these cases clearly implicate the *amount* of coverage, and there is no allegation to the contrary in defendants' removal petitions, the cases should be remanded back to state court.

"For a claim to be completely preempted under § 502(a) and subject to removal, the Third Circuit **requires** … [that] 'no other legal duty supports [the] claim.' *Pascack*, 388 F.3d at 400 (emphasis added).

> To constitute a claim that is subject to ERISA preemption, **an action <u>must</u> be** "**a suit complaining of denial of <u>coverage</u>** for medical care." Or, to use the language of the statute, the action must be "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

*Emergency Physicians of St. Clare's v. United Health Care*, No. 14-404, 2014 WL

7404563, at *5 (D.N.J. Dec. 29, 2014) (emphasis added) (quoting *Davila*, 542 U.S.

at 210 and 29 U.S.C. § 1132).  Consequently, the Third Circuit has cautioned against

"conflating" claims seeking "coverage" with those disputing the "amount" of

"reimbursement."  The former are preempted; the latter are not.

> As the [plaintiff-]Providers correctly note, [the defendant-
> insurer]'s argument to the contrary rests on a conflation of
> claims, such as this one, seeking <u>coverage</u> under a benefit
> plan, and claims seeking <u>reimbursement</u> for coverage
> provided.  **The distinction is key**. As we explained in
> *Pascack Valley*, a provider may bring a contract action for
> an insurer's failure to reimburse the provider pursuant to
> the terms of the agreement, while a claim seeking
> coverage of a service may only be brought under ERISA.
> 388 F.3d at 403–04 (holding that a hospital had an
> independent breach of contract action against the insurer
> because "the dispute here is not over the <u>right</u> to payment,
> which might be said to depend on the patients'
> assignments to the Providers, but **the <u>amount</u>, or level, of
> payment**, which depends on the terms of the provider
> agreements" (emphasis in original; quotation marks and
> alterations omitted)).

*CardioNet*, 751 F.3d at 177-78 (3d Cir. 2014) (bold emphasis added).  In short,

"**ERISA does <u>not</u>**…**preempt claims over the <u>amount</u> of coverage provided,**

**which includes disputes over reimbursement**." *Emergency Physicians*, 2014 WL

7404563, at *5 (emphasis added) (citing *CardioNet*, 751 F.3d at 177).  *Accord*

*Somerset Ortho. Assocs., P.A. v. Aetna Life Ins. Co.*, No. 06-867, 2007 WL 432986,

at *1 (D.N.J. Feb. 2, 2007) (holding provider's claim <u>not</u> preempted "because it is

merely based on…the defendant's failure to pay correctly for the plaintiff's services, and thus 'the dispute is not over coverage and eligibility, *i.e.*, the right to payment, but rather over the amount of payment to which the [provider] is entitled'") (quoting *Englewood Hosp. & Med. Ctr. v. AFTRA Health Fund*, No. 6–637, 2006 WL 3675261, at *5 (D.N.J. Dec. 12, 2006)). *See also Horizon Blue Cross Blue Shield of N.J. v. E. Brunswick Surgery Ctr.*, 623 F. Supp. 2d 568, 573-74 (D.N.J. 2009) ("Generally, 'the bare fact that [a plan's terms] may be consulted in the course of litigating a state-law claim' is insufficient to justify removal" under ERISA).

Applying this "key distinction" reiterated by the Third Circuit in *CardioNet*, Judge Salas recently remanded an analogous healthcare dispute. In *Emergency Physicians*, the court remanded a healthcare case to New Jersey state court because (1) the core dispute was "whether the amount that Defendant paid was correct," (2) the provider's reimbursement claim did "not depend on any assignment by patients to Plaintiff," and (3) the providers "may be asserting claims that patients could not even assert." 2014 WL 7404563, at *6. So too here.

NJBSC's claims track closely with those of the provider in *Emergency Physicians*. Plaintiff asserts reimbursement claims that challenge the amount paid for covered services (*i.e.*, emergency or pre-approved services) and does not predicate claims on an assignment of benefits. Rather, NJBSC asserts independent

claims based on quasi-contract law and New Jersey health insurance statutes and regulations, as set forth in the following allegations:

- "NJBSC was an out-of-network, or non-participating, healthcare provider that provided emergency and related necessary medical services to…patients who are covered under healthcare plans sponsored, funded, operated, controlled and/or administered by defendants."  Case No. 16-01797, Compl. ¶ 2; Case No. 16-01544, Compl. ¶ 1.

- "Pursuant to New Jersey law and regulations, defendants are obligated to pay NJBSC 100% of plaintiff's billed usual, customary and reasonable ('UCR') fees, less the patient's copay, coinsurance or deductible if any, and/or is required to make payment to plaintiff within the time period set forth in the Healthcare Information Networks and Technologies Act ('HINT') and the Health Claims Authorization, Processing and Payment Act ('HCAPPA'), *i.e.*, 30 days for electronic claims and 40 days for non-electronic claims."  Case No. 16-01797, Compl. ¶ 74; Case No. 16-01544, Compl. ¶ 20.

- "Defendants represent that their members and beneficiaries are covered for emergency care, that they may go to any doctor or emergency room when they need emergency care, and that they will only be responsible to pay the plan's copayments, coinsurance and deductibles at an in-network level."  Case No. 16-01797, Compl. ¶ 87; Case No. 16-01544, Compl. ¶ 32.

- "In addition, defendants were paid premiums by the members for healthcare coverage and, pursuant to said premiums, were legally obligated to maintain and provide an adequate network of sufficient physicians, including qualified neurosurgeons and other specialists, to satisfy the medical needs of defendants' member/dependent population." Case No. 16-01797, Compl. ¶ 88; Case No. 16-01544, Compl. ¶ 34.

- "Further, Aetna…reviewed and approved the standard provider agreement of MultiPlan, Inc. ('MultiPlan').  Aetna also knew that NJBSC entered into such an agreement, and that the agreement states that plaintiff is entitled to reimbursement at the rates set forth therein. Defendants used the MultiPlan network, but failed to properly reimburse

plaintiff in accordance with the MultiPlan provider agreement."  Case No. 16-01797, Compl. ¶ 89; Case No. 16-01544, Compl. ¶ 35.

- "Defendant(s) indicated, by a course of conduct, dealings and the circumstances surrounding the relationship, to NJBSC that defendant(s) would pay for medical services provided, including the emergency services provided by NJBSC, based on the terms of the patient's healthcare plan(s) and applicable law."  Case No. 16-01797, Compl. ¶ 86; Case No. 16-01544, Compl. ¶ 32.

- "All of the subject claims arise from New Jersey state common, statutory and regulatory law, and not from any purported federal law or statute. **Plaintiff has asserted <u>direct</u> <u>claims</u> and causes of action that are <u>not predicated on an assignment of benefits</u> from the patient**."  Case No. 16-01797, Compl. ¶ 83; Case No. 16-01544, Compl. ¶ 29 (emphasis added).

- "The claims in this lawsuit dispute the **reimbursement <u>amounts</u>** paid by defendants and thus do not arise under or implicate federal subject matter jurisdiction under the Employee Retirement Income Security Act (ERISA), or any other federal or statutory regulatory scheme.  **This lawsuit addresses defendants' failure to provide the appropriate <u>amount</u> of coverage to the patients and defendants' failure to properly <u>reimburse</u> plaintiff for its services to those patients**."  Case No. 16-01544, Compl. ¶ 30; Case No. 16-01797, Compl. ¶ 84 (emphasis added).

The Supreme Court in *Davila* clarified the inquiry here:

> It follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, **and where <u>no legal duty</u> (state or federal) independent of ERISA or the plan terms is violated**, then the suit falls within the scope of ERISA § 502(a)(1)(B). In other words, if an individual, at some-point in time, could have brought his claim under ERISA § 502(a)(1)(B), **and where there is <u>no other independent legal duty</u> that is implicated by a**

> **defendant's actions**, then the individual's cause of action
> is completely pre-empted by ERISA § 502(a)(1)(B).

542 U.S. at 208 (emphasis added).  NJBSC's claims are grounded on "other

<u>independent</u> legal duties" imposed by New Jersey health insurance statutes and

regulations, and quasi-contract claims.[3]

In sum, the Third Circuit held in *Pascack* and reemphasized in *CardioNet* that

disputes over the **<u>amount</u>** of reimbursement are <u>not</u> subject to ERISA preemption

and should not be removed.  Defendants, however, ignored this "key distinction"

and improperly removed these cases.  However, the allegations in plaintiff's

complaints and defendants' removal pleadings demonstrate there is no dispute

regarding the existence of coverage, but only the amount paid to NJBSC for the

services provided.  This dispute involves independent legal duties between plaintiff

and defendants.  Accordingly, these lawsuits should be remanded to state court, like

the courts did in *Emergency Physicians* and *Somerset Orthopedics*.

---

[3]     *Horizon Blue Cross Blue Shield of N.J. v. E. Brunswick Surgery Ctr.*, 623 F. Supp. 2d 568, 574 (D.N.J. 2009) ("Defendant's contention that [*N. Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 07-4812, 2008 WL 4371754 (D.N.J. Sept. 18, 2008)]'s essential holding is limited to those claims arising under the terms of an independent contract is too narrow a construction and disregards the *Davila* Court's finding that any independent legal duty may provide a proper basis for jurisdiction in state court"); *Emergency Physicians*, 2014 WL 7404563, at *6 (rejecting argument that a provider must be in-network to assert the "independent duty" limit on ERISA preemption); *Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc.*, No. 06-928, 2007 WL 2416428, at *6 (D.N.J. Aug. 20, 2007) (refusing to limit "independent duty" requirement to claims arising from a contract, i.e., an in-network provider).

**B.     REMAND IS REQUIRED BECAUSE DEFENDANTS FAILED
         TO ESTABLISH THAT PLAINTIFF HAS ERISA STANDING**

It is well-settled that the federal court – a court of limited jurisdiction – cannot exercise ERISA jurisdiction over a removed case if the plaintiff lacks ERISA standing.  Here, defendants failed to establish in their removal pleadings that plaintiff (an out-of-network healthcare provider) has ERISA standing.  Therefore, defendants cannot satisfy the first part of the *Pascack* test for ERISA jurisdiction and thus, remand is required on this independent basis as well.

The Supreme Court and Third Circuit hold that a district court may **only** exercise subject-matter jurisdiction pursuant to ERISA "if an individual, at some point in time, could have brought his claim under ERISA…."  *Davila*, 542 U.S. at 210; *Pascack*, 388 F.3d at 396.  "Because the party seeking removal to federal court must establish federal subject-matter jurisdiction by a preponderance of the evidence, Defendant bears the burden of proving that Plaintiff's claim is truly an ERISA claim."  *Pascack*, 388 F.3d at 401–02.  And a plaintiff could not have brought a claim under ERISA if it has no standing to do so.

Consequently, **courts in this district have repeatedly held that a healthcare insurer removing a New Jersey provider's state lawsuit must establish that the provider has standing to bring a claim under ERISA**.  *E.g.*, *Emergency Physicians*, 2014 WL 7404563 (remanding healthcare dispute for lack of ERISA standing where insurer failed to establish that provider had ERISA derivative

standing); *MedWell, LLC v. CIGNA Healthcare of N.J., Inc.*, No. 13-3998, 2013 WL 5533311, at *4 (D.N.J. Oct. 7, 2013) ("It is Defendant's burden to establish jurisdiction, and it has not shown that Plaintiff would have standing to sue under ERISA."); *N.J. Spinal Med. & Surgery PA v. IBEW Loc. 164*, No. 11-5493, 2012 WL 1988708 (D.N.J. May 31, 2012) (same); *N. Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 07-4812, 2008 WL 4371754, at *7 (D.N.J. Sept. 18, 2008) ("the party asserting federal jurisdiction, [defendant-insurer] has the burden of proving that [provider]'s claims are ERISA claims, and in this case, that requires [defendant] to prove the existence of a valid assignment."); *Vaimakis v. United Healthcare/Oxford*, No. 07-5184, 2008 WL 3413853, at *4 (D.N.J. Aug. 8, 2008) (same); *Somerset Ortho.*, 2007 WL 432986 ("action is not completely preempted by ERISA because the plaintiff would lack standing to bring an action under ERISA").

In this case, Aetna has utterly failed to carry its burden of establishing that NJBSC has standing and could have brought its claims pursuant to ERISA. *Davila*, 542 U.S. at 210; *Pascack*, 388 F.3d at 396, 401. **Defendants' removal pleadings contain <u>absolutely</u> <u>no</u> <u>allegation</u> relevant to ERISA standing**. *See* Case No. 16-01797, Removal Pet.; Case No. 16-01544, Removal Pet. And defendants cannot belatedly amend their removal pleadings, as the time to do so has now expired.

Defendants failed to attach copies of any valid, adequate assignments of benefits to their removal pleadings. *N. Jersey Ctr*, 2008 WL 4371754, at *7-8 ("To sustain federal jurisdiction based on derivative standing, [the defendant-insurer] would have to **provide evidence** of a valid executed assignment"; "[insurer] has not provided **any <u>documentation</u>** that establishes what type of assignment was made by [its] subscribers to [plaintiff-provider].") (emphasis added); *MedWell*, 2013 WL 5533311, at *3 (remanding for lack of ERISA jurisdiction where "Defendant has not provided any assignment"); *Vaimakis*, 2008 WL 3413853, at *4 ("**without <u>actual</u> proof** of the assignment, the Court cannot find federal jurisdiction") (emphasis added). *See also N.J. Spinal*, 2012 WL 1988708 (holding defendant-insurer cannot establish ERISA standing based solely on patient's HCFA claim form); *Vaimakis*, 2008 WL 3413853, at *4 (holding defendant-insurer cannot establish ERISA standing based on affidavit averring that patient provided assignment, where insurer has not reviewed actual assignment).

In this area of the law, healthcare insurers systematically assert as a defense that providers lack standing to sue them. *E.g.*, *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 2014 WL 895407 (D.N.J. Mar. 6, 2014) (Aetna obtained dismissal on the ground that NJBSC lacked standing), *rev'd*, 801 F.3d 369 (3d Cir. 2015); *N.J. Spinal Med. & Surgery, P.A. v. Aetna Ins. Co.*, No. 09-2503, 2009 WL 3379911 (D.N.J. Oct. 19, 2009) (Aetna could not establish removal jurisdiction because it maintained

its lack of standing defense); *Somerset Ortho.*, 2007 WL 432986 (same).  However, that defense is incoherent and inconsistent with a defendant asserting adequate removal jurisdiction – which would require a removing defendant to aver and admit the provider does have standing.  In this case, Aetna made no averments in their pleadings or other submissions repudiating the affirmative defense of the lack of standing.  *MedWell*, 2013 WL 5533311, at *4 (remanding where defendant-insurer took "position there is no valid assignment such that Plaintiff would have no derivative standing to assert ERISA claims"); *Emergency Physicians*, 2014 WL 7404563, at *3-5 (same); *N. Jersey Ctr*, 2008 WL 4371754, at *4 ("In the absence of any evidence of the assignment, Defendant cannot reconcile its removal burden of proving Plaintiff's standing under ERISA and its defense that would effectively negate Plaintiff's standing.").[4]

---

[4]     Aetna frequently invokes anti-assignment clauses in healthcare plans to claim that a provider's assignment of benefits is null and void.  *E.g.*, *Specialty Surgery of Middletown v. Aetna*, No. 12-4429, 2014 WL 2861311, at *2 (D.N.J. June 24, 2014) (Aetna asserting provider had no standing based on anti-assignment clause).  Here, defendants also failed to attach the plan documents to their removal pleadings to demonstrate there is no anti-assignment clause and to repudiate in their pleadings any anti-assignment clause in an applicable plan, which is an additional basis for remand.  *N. Jersey Ctr*, 2008 WL 4371754, at *8 n.5 ("Assuming *arguendo* that [the insurer] could provide proof of executed assignments that fall within ERISA's civil enforcement provision, [the provider] may nevertheless still not have standing as the plan participants' contracts with [the insurer] may contain an anti-assignment provision…. [The insurer] has not provided…the plan contracts"); *Somerset Ortho.*, 2007 WL 432986, at *1-2 ("it appearing in any event that the defendant's argument that 'there is no allegation of an anti-assignment provision' is without merit, as the

Defendants also cannot rely on plaintiff's pleadings to cure their defective petitions, as there are no allegations that assist defendants in their burden of proof:

- "**NJBSC was an <u>out-of-network</u>, or non-participating**, healthcare provider that provided emergency and related necessary medical services to…patients who are covered under healthcare plans sponsored, funded, operated, controlled and/or administered by defendants." *See* Case No. 16-01797, Compl. ¶ 2; Case No. 16-01544, Compl. ¶ 1. (Emphasis added).

- "Pursuant to New Jersey law and regulations, defendants are obligated to pay NJBSC 100% of plaintiff's billed usual, customary and reasonable ('UCR') fees…and/or are required to make payment to plaintiff within the time period set forth in the Healthcare Information Networks and Technologies Act ('HINT') and the Health Claims Authorization, Processing and Payment Act ('HCAPPA')…." *See* Case No. 16-01797, Compl. ¶ 74; Case No. 16-01544, Compl. ¶ 20.

- "Defendants represent that their members and beneficiaries are covered for emergency care, that they may go to any doctor or emergency room when they need emergency care, and that they will only be responsible to pay the plan's copayments, coinsurance and deductibles at an in-network level." *See* Case No. 16-01797, Compl. ¶ 87; Case No. 16-01544, Compl. ¶ 32.

- "Defendant(s) indicated, by a course of conduct, dealings and the circumstances surrounding the relationship, to NJBSC that defendant(s) would pay for medical services provided, including the emergency services provided by NJBSC, based on the terms of the patient's healthcare plan(s) and applicable law." *See* Case No. 16-01797, Compl. ¶ 86; Case No. 16-01544, Compl. ¶ 32.

- "All of the subject claims arise from New Jersey state common, statutory and regulatory law, and not from any purported federal law or statute. **Plaintiff has asserted direct claims and causes of action that are <u>not predicated</u> on an <u>assignment of benefits</u> from the patient**."

defendant failed to meet its burden of providing a copy of the benefit plan to the Court for review") (citations & parentheticals omitted).

>  *See* Case No. 16-01797, Compl. ¶ 83; Case No. 16-01544, Compl. ¶ 29
>  (emphasis added).

This District has held repeatedly that vague allegations regarding derivative standing in a plaintiff's complaint do <u>not</u> satisfy a removing defendant's burden of proving ERISA standing. *E.g.*, *N. Jersey Ctr.*, 2008 WL 4371754, at *7-8 ("vague language does not indicate…with any clarity the type of assignment that was purportedly made"; defendant's "reliance on the language in the Complaint is to no avail."); *MedWell*, 2013 WL 5533311, at *4 (same); *Emergency Physicians*, 2014 WL 7404563, at *3-5 (remanding where "Defendant's argument that Plaintiff has a valid assignment for the purpose of [ERISA] standing is premised entirely on Plaintiff's allegation in the Complaint"). And this case is much stronger than the plaintiff's vague standing allegations in *MedWell* and *North Jersey Center*, because **here there are <u>no</u> allegations that defendants could rely on to bootstrap their burden of proof**.

In sum, the first prong of the *Pascack* test for ERISA preemption and jurisdiction requires the removing party to prove that the plaintiff has standing to assert ERISA claims. *Pascack*, 388 F.3d at 396; *N. Jersey Ctr*, 2008 WL 4371754, at *7-8 ("find[ing] that [insurer] has failed to satisfy its burden…. Accordingly, this Court finds that [the insurer] has not successfully argued the first prong of the *Pascack Valley* test and declin[ing] to address the second prong"). In remanding, the court in *North Jersey Center* noted that "Here, the Court has no evidence to

review." 2008 WL 4371754, at *4. So too in the cases at bar. There is no evidence. The applicable standard requires all doubts to be construed in favor of remand. *See MedWell*, 2013 WL 5533311, at *4 ("a genuine [fact] issue as to lack of standing…would necessitate remand for lack of standing under ERISA"); *N. Jersey Ctr*, 2008 WL 4371754, at *4 ("the absence of evidence leaves this Court with grave doubt that Plaintiff would have standing to sue under ERISA. Such doubt augers in favor of remand"). Consequently, remand is required.

## C.   THERE IS NO ERISA JURISDICTION BECAUSE THE SAVINGS CLAUSE APPLIES TO NEW JERSEY INSURANCE LAWS

An additional and independent basis for remand is that the heart of the claims in these cases involve New Jersey statutes and regulations that "regulate insurance," and pursuant to ERISA's savings clause, such state laws are not subject to preemption.  Specifically, plaintiff asserts claims arising under and related to New Jersey's Emergency Room mandate:

> New Jersey's health insurance regulations require that, when a privately-insured patient seeks emergency services, an out-of-network provider must be paid a large enough amount to ensure that the patient is not balance billed, that is, charged for the difference between the insurer reimbursed amount and the provider's billed charges.  This so-called "emergency room mandate" applies even if it means that the healthcare insurer must pay the provider its actual billed charges minus the copayments, coinsurance and deductibles that would have applied had the patient sought treatment from an in-network provider.

*See* Case No. 16-01797, Compl. ¶¶ 1,2,36,73,76,78,87,90, 115-20; Case No. 16-01544, Compl., ¶¶ 19,32,33,52,62-67.

As the Third Circuit instructed, the "savings clause provides that … 'nothing in [ERISA's preemption provisions] shall be construed to exempt or relieve any person from **any law of any state which <u>regulates</u> <u>insurance</u>**…." Accordingly, the key question before us is whether the New Jersey law underlying the [plaintiff's] claims is a law 'which regulates insurance.'" *Levine v. United Healthcare Corp.*,

402 F.3d 156, 164 (3d Cir. 2005) (quoting 29 U.S.C. § 1144(b)(2)(A)) (emphasis in

original).  The applicable test was established by the Supreme Court in *Miller*:

> the Court directed that for a "state law to be deemed a law...which regulates insurance…, it must satisfy two requirements."  First, the state law must be "specifically directed toward entities engaged in insurance."  Second, the state law must "substantially affect the risk pooling arrangement between the insurer and the insured."

*Levine*, 402 F.3d at 164-65 (quoting *Kentucky Ass'n of Health Plans, Inc. v. Miller*,

538 U.S. 329, 341-42 (2003)).  In the case at bar, the New Jersey emergency services

reimbursement regulations satisfy both requirements of the test set forth in *Miller*

and *Levine*, and therefore are <u>not</u> preempted.[5]

The first prong is instantly satisfied.  There can be no serious argument by

defendants that the statutory schemes are not "specifically directed toward entities

engaged in insurance."  *Miller*, 538 U.S. at 341-42.  By the express terms of the

statutes and regulations cited in the complaints, their location within New Jersey's

statutes and administrative code and their legislative history, the cites laws clearly

apply to "insurance" and are expressly directed at regulating insurance companies.

*Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1113 (9th Cir.

2011), *cert. denied*, 133 S. Ct. 979 (2013) (holding state statute saved from

preemption because it regulated insurances rates and appeared in insurance statute).

---

[5]     In addition to the "emergency room" mandate, New Jersey's prompt pay laws pursuant to the HINT Act and HCAPPA are saved and not preempted.

*Compare Levine*, 402 F.3d at 165-66 (first prong not satisfied where state law applied to "<u>any</u> civil action," as opposed to being targeted at insurance law).  Indeed, Aetna knows full well that it is obligated to process claims submitted by New Jersey providers in accordance with these insurance regulations, and the terms and conditions of its plans frequently incorporate these New Jersey insurance laws. Indeed, **Aetna has been fined and sanctioned by New Jersey regulators for failing to properly reimburse out-of-network New Jersey providers that render emergency care**.  *See* Case No. 16-01797, Compl. ¶ 1. *See* N.J. Dept. of Banking & Ins., *DOBI levies nearly $9.5 million in penalties against Aetna Health* (July 25, 2007) (*available at* <u>www.state.nj.us/dobi/pressreleases/pr070725.htm</u>).

The second prong is also easily, met because these state laws "substantially affect the risk pooling arrangement between the insurer and the insured," *Miller*, 538 U.S. at 341-42, as they set forth specific requirements impacting the manner in which Aetna must pay claims for the risk it has assumed on behalf of its members.  A state law affects risk-pooling when it alters the bargain between the insurer and insured. *Fossen*, 660 F.3d at 1113-14 (citing *Miller*, 538 U.S. at 338-39).  Specifically, in these cases, the emergency services reimbursement regulations require defendants to cover emergency care at the physician's billed charges -- rather than at a reduced fee-scheduled amount -- and to do so without regard to what premium was paid to the insurer or what lesser amount the insurer had planned to reimburse for such

services with the unpaid balance shifted to patient responsibility. Thus these "emergency mandate" laws and derivative statutory and quasi-contract claims affect the risk-pooling arrangement between Aetna and its insureds, and so are saved from ERISA preemption pursuant to the savings clause.[6]

---

[6]    Defendants vaguely claim that "some" or "several" of the 35+ healthcare plans at issue in these suits are "self-funded." *See* Case No. 16-01797, Removal Pet. ¶ 1,6; Case No. 16-01544, Removal Pet. ¶ 1, 6. To the extent defendants are able to prove this allegation and specify which plans, plaintiff acknowledges that self-funded plans are subject to ERISA's deemer clause and so would not be preserved by its savings clause.

D.    **THERE IS NO BASIS FOR SUPPLEMENTAL JURISDICTION**

Assuming there were any federal law claims to begin with in these lawsuits, which there are none for the reasons addressed <u>supra</u>, defendants studiously avoid specifying in their removal pleadings how many of the 35+ healthcare plans at issue are purportedly so-called ERISA plans.   Instead, Aetna hides behind vague allegations, using the terms "some," "several" and "many" to avoid actually quantifying the supposed number.  *See* Case No. 16-01797, Removal Pet. ¶ 1,6; Case No. 16-01544, Removal Pet. ¶ 1, 6.  In so pleading, Aetna plainly concedes that there is some unknown number of plans having no connection whatsoever to ERISA, and thus asks the Court to exert supplemental jurisdiction over claims directed toward such plans.   *See* Case No. 16-01797, Removal Pet. ¶ 18; Case No. 16-01544, Removal Pet. ¶ 16.

Even if *arguendo* there was ERISA jurisdiction to adjudicate a few of plaintiff's claims, that jurisdiction should be extinguished when the court has adjudicated those claims because the New Jersey claims and issues predominate. *See DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308-09 (3d Cir. 2003) ("courts may decline to exercise supplemental jurisdiction where: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] (3) the district court has dismissed all claims over which it has original jurisdiction").

26

Here, plaintiff asserts that the lion's share of disputed claims relate to violations of New Jersey statutes and regulations and quasi-contract claims arising under the MultiPlan agreement and New Jersey common law.  Accordingly, if the Court concludes there is jurisdiction as to "some" subset of claims, it should remand all of the remaining claims.  *Compare Mazzola v. AmeriChoice of N.J., Inc.*, No. 13-429, 2013 WL 6022345, at *3 (D.N.J. Nov. 13, 2013) (holding "comity" required remand of "remaining state law claims involv[ing] the interpretation of New Jersey regulatory and statutory provisions governing state-contracted [healthcare insurers], as well as common law claims for … unjust enrichment, and quantum meruit" because **New Jersey** "**has a <u>strong</u> <u>interest</u> in interpreting what appear to be complex issues of state** [**healthcare**] **law and public policy**") (emphasis added).  Further, as the court observed in *MedWell*, "due to the availability of a state court action in this instance, it would be a waste of judicial resources to litigate the validity of the purported assignment in federal court [where a] Defendant's defense would deprive this Court of jurisdiction." 2013 WL 5533311, at *4 n.6 (D.N.J. Oct. 7, 2013).

In sum, because state law claims, issues and healthcare public policies predominate, the Court should decline to exercise supplemental jurisdiction.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand these actions for lack

of subject matter jurisdiction should be granted.

Respectfully submitted,

**MAZIE SLATER KATZ & FREEMAN, LLC**
*Counsel for Plaintiff*


BY:  _s/_Eric_Katz_____
        ERIC D. KATZ

Dated:  July 25, 2016

Eric D. Katz  |  NJ Atty No. 016791991
David M. Estes  |  NJ Atty No.  034532011
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
P: 973-228-9898
F: 973-228-0303
E: ekatz@mskf.net