NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **NORTH JERSEY BRAIN & SPINE CENTER,** | Civil Action No. 16-1544 (WJM) |
| **Plaintiff,** | |
| v. | |
| **AETNA LIFE INSURANCE CO.**, *et al.*, | **REPORT AND RECOMMENDATION** |
| **Defendants.** | |

**FALK, U.S.M.J.**

Before the Court is Plaintiff's motion to remand due to lack of subject matter jurisdiction. [CM/ECF No. 10.] The motion is opposed. The Court decides it on the papers. Fed.R.Civ.P. 78. For the reasons discussed below, it is respectfully recommended that the motion be **GRANTED**.

**BACKGROUND**

This is an action filed in state court by a healthcare provider to recover payment for medical services. Plaintiff, North Jersey Brain & Spine Center ("NJBSC" or "Plaintiff"), is a medical practice specializing in neurosurgical procedures and the treatment of the brain and spinal cord. (Compl. ¶ 1.) Defendants Aetna Life Insurance Co., Aetna Health Inc., and Aetna Health Insurance Co. (collectively "Aetna" or

"Defendant") are part of the Aetna-group of managed care companies which provide healthcare coverage to subscribers and their dependents, as well as administrative services to self-funded health plans.  (Id. ¶¶ 2-4.)   NJBSC claims that it was an out-of-network healthcare provider that provided medically necessary medical and surgical services to seven patients who are covered under healthcare plans sponsored, funded, operated, controlled and/or administered by Aetna, and that it was not properly paid for the services rendered.  (Id. ¶ 1.)  Specifically, according to NJBSC, it performed "authorized, medically necessary" surgeries or services on six of the seven patients.[1]  (Compl. ¶¶ 11-13, 15-17.)  One other patient[2] arrived at the hospital emergency room via ambulance at which time he underwent emergent surgical treatment by NJBSC.  (Compl. ¶ 14.) Plaintiff claims that "as a matter of regular business practice, []NJBSC engaged in regular communications and discussions with Aetna and its agents . . . regarding coverage, reimbursement, negotiation of disputes, and other issues."  (Compl. ¶ 23.)  NJBSC claims it billed Aetna either usual, customary and reasonable ("UCR") fees, Medicare-based rates, or rates pursuant to its agreement with MultiPlan, Inc.[3] for the medical services rendered.  According to Plaintiff, Aetna indicated to NJBSC "by a course of conduct,

---

[1]The patients were identified in the Complaint as  S.Q., R.M., W.S., O.I., B.R., and C.C. (Compl. ¶¶ 11-13, 15-17.)

[2]The patient was identified in the Complaint as E.R.  (Compl. ¶ 14.)

[3]According to Plaintiff, it entered into MultiPlan, Inc.'s standard provider agreement which Aetna reviewed and approved.  (Compl. ¶ 35.)  Plaintiff alleges that Aetna used the MultiPlan, Inc. network and, according to the standard provider agreement, Plaintiff was entitled to reimbursement at the rates set forth therein.  (Id.)

dealings and the circumstances surrounding the relationship" that it would properly pay the UCR amounts, or amounts consistent with Medicare guidelines.  (Compl. ¶¶ 37-39.) Notwithstanding NJBSC's relationship with Aetna, Plaintiff claims that Aetna failed to pay or grossly underpaid NJBSC for the medical services provided.

On March 17, 2016, NJBSC filed the instant action in the Superior Court of New Jersey, asserting state law claims for breach of implied contract; breach of covenant of good faith and fair dealing; unjust enrichment; *quantum meruit*; interference with economic advantage; violations of New Jersey regulations governing payment for emergency services[4]; violations of the Healthcare Information and Technologies Act; and business libel.  Specifically, NJBSC alleges that Aetna's conduct is actionable because Aetna "failed to calculate the *amount* of the payment in accordance with the plans of the patients and/or the requirements of New Jersey statutory, regulatory and/or common law." (Compl. ¶ 22.)

On July 25, 2016, Aetna removed the action to this Court on grounds that federal question jurisdiction exists under 28 U.S.C. § 1331.  Aetna's Notice of Removal provides that NJBSC seeks to recover benefits under plans which are governed by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C.§ 1001 et seq., and that Plaintiff's claims are therefore preempted by federal law. (Notice of Removal.)

On July 25, 2016,  NJBSC moved to remand this case to state court on several grounds.  First, Plaintiff contends that the state law claims are not preempted by ERISA

---

[4]N.J.A.C. 11:22-5.8, 11:24-5.1, -5.3, and 11:24-9.1(d).

because the dispute is over the amount of the reimbursement rather than the existence of coverage under the ERISA plans.  Second, Plaintiff maintains that Aetna has failed to establish that Plaintiff has standing to assert the ERISA claims.  Third, Plaintiff argues that ERISA's "savings clause" precludes preemption where, as here, Plaintiff has asserted claims under state insurance statutes.  Fourth, that the Court should not exercise supplemental jurisdiction over claims not preempted by ERISA.

Aetna opposes the motion arguing that Plaintiff's position that jurisdiction does not exist because the dispute is over the amount and not the existence of coverage is contrary to legal authority.  Pointing out that each of the patient's plans at issue in this case are governed by ERISA, Aetna maintains that the assignment of benefits forms used by Plaintiff are sufficient to confer ERISA standing.  Aetna further contends that the Court has jurisdiction under § 502(a) of ERISA and that the "savings clause" of § 514(a) does not apply to the claims at issue here.  Specifically, Aetna contends that the New Jersey regulations which Plaintiff claims govern this case are not applicable to the majority of the claims which arise under self-funded plans.

In truth, many of the arguments presented in the briefing are simply not relevant to the basic question of whether Plaintiff's claim is preempted by ERISA.

## DISCUSSION

### A.    Removal generally

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants,

to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Upon a motion to remand, the removing party bears the burden of demonstrating that removal was proper.  Samuel-Bassett v. Kia Motors Corp., 357 F.3d 392, 396 (3d Cir. 2004).  Removal statutes are to be strictly construed against removal and all doubts are resolved in favor of remand.  Id.

**B.**   **ERISA Preemption**

**1. *Legal Standard***

A district court has original jurisdiction over cases that "arise under" federal law. See 28 U.S.C. § 1331, 1441(a).  Pursuant to the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not allege a federal claim on its face.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Tr. for S. Ca., 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law.").  Although Plaintiff's Complaint presents no federal claim on its face, Aetna argues that removal jurisdiction is proper under the doctrine of complete preemption, which is an exception to the "well-pleaded complaint" rule.  See, e.g., Lazorko v. Pa. Hosp.,  237 F.3d 242, 248 (3d Cir. 2000) ("One exception to [the well-pleaded complaint rule] is for matters that Congress has so completely preempted that any civil complaint that falls within this category is necessarily federal in character.").

The doctrine of complete preemption "creates removal jurisdiction even though no federal question appears on the face of the plaintiff's complaint."  Lazorko, 237 F.3d

at 248.  When claims arise in an area completely preempted by federal law, the Court must construe plaintiff's claims as stating a federal cause of action regardless of how they are pled.  See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 (3d Cir. 2004).  Claims which fall within the scope of ERISA § 502(a) have been deemed to be completely preempted.  See Pascack Valley, 388 F.3d at 398 ("State law causes of action that are 'within the scope of ... § 502(a) are completely preempted....");  Vaimakis v. United Healthcare/Oxford, No. 07-5184, 2008 WL 3413853, at * 3 (D.N.J. Aug. 8, 2008) ("ERISA's civil enforcement provision falls within the doctrine of complete preemption.").  Therefore, such claims are removable to federal court.  See, e.g., Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 271 (3d Cir. 2001) ("Following the decision in Metropolitan Life, there can be no question that 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.' ") (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 62 (1987)).

The Third Circuit has set forth two conditions which must be met for a claim to be completely preempted under § 502(a) and therefore subject to removal: (1) that the plaintiff could have brought the claim under ERISA's civil enforcement scheme in § 502(a), and (2) that there is no other independent legal duty that is implicated by a defendant's actions.  See Pascack, 388 F.3d at 400.  Both conditions must be met in order for the claim to be completely preempted.  See, e.g., N.J. Spinal Med. & Surgery, PA v. Aetna Ins. Co., No. 09-2503, 2009 WL 3379911, at *2 (D.N.J. Oct. 19, 2009); Vaimakis, 2008 WL 3413853, at *3.   As the party seeking removal, Defendant bears the burden of proving that Plaintiff's claims are ERISA claims.  See, e.g., Pascack Valley, 388 F.3d at

401.

Pursuant to § 502(a) of ERISA, "a participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a).  Therefore, standing to sue under the statute is "limited to participants and beneficiaries." Pascack Valley, 388 F.3d at 400.  Derivative standing for a health care provider under ERISA § 502(a)(2) exists if there is a valid assignment to the provider by a plan participant or beneficiary.  See, e.g., Pascack Valley, 388 F.3d at 400; North Jersey Ctr. for Surgery, PA v. Horizon Blue Cross Blue Shield of N.J., No. 07-4812, 2008 WL 4371754 (D.N.J. Sept. 18, 2008); Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc., No. 06-298, 2007 WL 24166428, at *4 (D.N.J. Aug. 20, 2007).  If Plaintiff has no standing to sue under ERISA, then this Court lacks federal subject matter jurisdiction to entertain this matter. See generally Pascack Valley, 388 F.3d at at 402.

## 2. *Jurisdictional analysis*

The Court employs a two-prong test to determine whether NJBSC's state law claims are completely preempted by ERISA.  A federal court has jurisdiction over a state law claim when (1) the plaintiff could have brought the action under § 502(a) *and* no independent legal duty supports the plaintiff's claim.  See Pascack Valley, 388 F.3d at 400.  NJBSC's state law claim is completely preempted only if both prongs are satisfied. See N.J. Carpenters v. Tishman Const. Corp. of N.J., 760 F.3d 297, 303 (3d Cir. 2014).  Here, the Court finds that neither prong is satisfied.  First, NJBSC could not have brought its state law claims under § 502(a) because NJBSC is asserting breach of a contract to

7

which the seven patients at issue are not a party.  Second, the Court finds that NJBSC's state law claims are predicated on a legal duty–an implied contract– that is independent of the ERISA plans and therefore are not completely preempted under § 502(a).

### (a) *NJBSC could not have brought its state law claims under ERISA's civil enforcement scheme in § 502(a)*

Pursuant to § 502(a) of ERISA,  a civil action may be filed to recover benefits due, enforce right under, or clarify rights, under the terms of an ERISA plan.  See 29 U.S.C. § 1132(a).  Here, NJBSC seeks no such remedy.  NJBSC's Complaint relies on state law to assert, *inter alia*, breach of an implied contract, unjust enrichment, *quantum meruit*, and violations of various state statutes.  The language contained in Plaintiff's pleading specifically provides that its claims challenging the reimbursement amount paid by Aetna for covered services (i.e. emergency services or pre-approved services) are <u>not</u> predicated on an assignment of benefits but are based on state quasi-contract law and New Jersey health insurance statutes and regulations.  (Pl.'s Br. at 11-12; Compl. ¶¶ 1, 20, 29, 30, 32, 34, 35 and 84; Pl.'s Br. at 11.)  According to NJBSC, its claims for underpayment relating to the seven patients at issue arise not out of the patients' ERISA plans, but out of the course of dealings and circumstances surrounding the relationship between the parties, including, in some instances, pre-authorizations given by Aetna prior to the services rendered, Aetna's alleged statutory duty to pay Plaintiff's billed UCR fees, as well as fees billed consistent with Medicare-based rates and MultiPlan.

While there is some reference to the patient's ERISA healthcare plans in the pleading, the Complaint is based on a breach of implied contract claim pled in Count One

for recovery of the reimbursement sought. (Compl. ¶¶ 31 - 44.)   Plaintiff does not contend that it is due additional monies under the patients' ERISA plans.   Quite to the contrary, Plaintiff alleges that it is owed monies based on its alleged contract with Aetna, separate and apart from the plan.   Thus, Plaintiff is not suing Aetna based on any purported assignments from the patients of their rights under ERISA, but NJBSC's alleged rights under an independent contract with Aetna.

Moreover, Aetna bears the burden of demonstrating that NJBSC's claims are ERISA claims.   See Pascack Valley, 388 F.ed at 401.   NJBSC is neither a participant nor a beneficiary and therefore does not itself have standing under the statute to file suit.   See Pascack Valley, 388 F.3d at 400.   NJBSC disputes the sufficiency of reimbursement for medical services provided to seven patients here.   Aetna has submitted three documents relative to only three patients, identified in the Complaint as S.Q., W.S. and B.R.,[5] all of whom are participants in ERISA plans.   (Petrozelli Certif. Ex. C.)   Even assuming these documents are valid assignments and could confer standing to NJBSC with respect to these three patients,[6] Aetna has failed to submit documents establishing assignments with

---

[5]Referenced in paragraphs 11, 13, and 16, respectively.

[6]The language of NJBSC's assignment is identical to the assignment language considered by the Third Circuit in North Jersey Brain & Spine Center, 801 F.3d 369, 371-72.  There, the Third Circuit concluded that the assignment was sufficient to confer standing on the patient's healthcare provider to sue for benefits under § 502(a).  801 F.3d at 372.  Specifically, the Court held that "as a matter of federal common law, when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a)."  Id.  Given the Third Circuit's pronouncement about this very same language contained in NJBSC's assignment documents, the Court here finds that these three assignments would be sufficient to confer standing on NJBSC had this been a claim under the ERISA plans.

respect to the other four patients involved in this case.[7]  Thus, Aetna has failed to

demonstrate, at least with respect to four of the patients, valid assignments that would

confer standing on NJBSC to bring any claims it may possess as an assignee under §

502(a).  Furthermore, even if NJBSC had received valid assignments and could have filed

suit under ERISA, the mere existence of an assignment does not convert NJBSC's state

law claim for breach of contract into a claim to recover benefits under the terms of an

ERISA plan.  See, e.g., Marin General Hospital v. Modesto & Empire Traction Co., 581

F.3d 941, 949 (9th Cir. 2009); Blue Cross of Cal. v. Anesthesia Assoc. Med. Grp., Inc.,

187 F.3d 1045, 1051-52 (9th Cir. 1999).

In sum, NJBSC is asserting contractual breaches that their patients can not assert

because they are not parties to the alleged implied contract between NJBSC and Aetna.

---

[7]Aetna failed to provide similar documents relative to the other four patients identified in the complaint as R.M., E.R., O.I. and C.C., in paragraphs 12, 14, 15 and 17,  respectively. Rather, Aetna attached a blank Health Insurance Claim Form 1500 ("HICFA Form").  (Petrozelli Certif. ¶ 5, Ex. A.)  Aetna argues that in submitting claims to Aetna, NJBSC routinely submitted a HICFA Form or its electronic equivalent.  (Petrozelli Certif. ¶ 7, Ex. B.)  Aetna claims that the HICFA Form has an entry corresponding to box 27 which, when checked, indicates that the NJBSC as accepted an assignment.  (Def.'s Br. At 12.)  The Court finds this insufficient to confer standing with respect to these patients. The blank HICFA Form is not probative of whether a valid assignment took place between NJBSC and the relevant patients.  It makes no reference to NJBSC, Aetna, or any of the patients whose claims are at issue.  Moreover, while Aetna contends that NJBSC routinely submitted the HICFA, it has not submitted claim forms with box 27 checked with respect to these four patients in particular.  The Court finds that Aetna has  failed to meet its burden of establishing that Plaintiff received valid assignments from these four Aetna insureds by a preponderance of the evidence.  See New Jersey Spinal Medicine and Surgery, P.A. v. Aetna Ins. Co., 2009 WL 3379911, at 4 (D.N.J. Oct. 19, 2009) (quoting North Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc., 2008 WL 4371754, at 4 (Sept. 18, 2008) ("Vague references to a common practice of non-network providers and a purported assignment of benefits to [the provider] fail to conclusively establish that [the provider] has a complete assignment of its patients' health insurance benefits."); see also New Jersey Spinal Medicine & Surgery PA v. IBEW Local 164, 2012 WL 1988708 (May 31, 2012) (Court "not convinced" that "marking box 27" amounts to an assignment").

Additionally, Aetna has not totally carried its burden of establishing NJBSC's standing to bring the claims under the civil enforcement scheme of § 502(a) had Plaintiff chosen to pursue relief under the ERISA plans. This appears to be a straightforward breach of contract action pled independent of any claims that potentially could exist under the ERISA plans. NJBSC is not seeking relief as an assignee of an ERISA plan's benefits, but pursuing recovery under the terms of an implied contract between it and Aetna. To the extent there are any doubts as to the nature of the case and whether removal was proper, they should be resolved in favor of remand. See Samuel-Bassett, 357 F.3d at 396. Therefore, the Court concludes that NJBSC's state law claims based on its alleged implied contract with Aetna were not brought, and could not have been brought, under § 502(a). Accordingly, the first prong of the test for preemption is not satisfied.

### (b) *An independent legal duty supports NJBSC's claim*

Even if Plaintiff has standing, there is no ERISA preemption and no federal jurisdiction if an independent legal duty is implicated by Plaintiff's claims. By the unmistakable language of its Complaint, NJBSC's claims are based on an alleged implied contract with Aetna arising out of a course of dealing between the parties. Because the claims are based on this independent duty, they are not preempted under § 502(a).

Aetna argues that there is no independent contract between NJBSC and Aetna which would control the amount of additional reimbursement for the claims at issue. (Def.'s Br. at 11.) Aetna therefore contends that any additional reimbursement sought by NJBSC must be a claim for benefits under the ERISA plans. (Id.) Basically, Aetna maintains that there is no valid contract between the parties under which NJBSC can

11

recover and that Plaintiff will have to rely on the ERISA plans.

NJBSC is the master of its complaint and has chosen to plead its claims based on the existence of an implied contract.  Indeed, Plaintiff is an out-of-network provider and there is no independent, written contract between Plaintiff and Aetna which would set a schedule of payments for the services in dispute here.   If there is no valid contract under which the NJBSC can recover, Aetna may (and likely will) ultimately prevail on the merits of this case.  See Cliffside Park Imaging v. Aetna, No. 12-5868, 2013 WL 592264, at * 3 (D.N.J. Jan. 28, 2013).

Losing is a risk Plaintiff has affirmatively assumed.  It is possible that by taking this route, Plaintiff will not reap the recovery it seeks.  In fact, in a case removed to this Court as preempted by ERISA, this Court dismissed a similar, state law implied contract claim in the context of a motion to dismiss in Center for Special Procedures v. Conn. General Life Ins. Co., No. 09-6566 (D.N.J. Dec. 6, 2010).  In that case, Plaintiff contended that a course of dealing between Plaintiff and Defendant pursuant to which Defendant paid Plaintiff for medical services it provided to various patients who were Defendants' insureds constituted an implied promise to continue to pay.  The Court dismissed the implied contract claim stating that:

> The [ ] Complaint does not set forth any facts that would allow the Court, or Defendants, to discern the alleged terms of Defendants' 'promise and/or contract to pay.' . . . Instead, [the claim] consists of the type of 'the-defendant-unlawfully-harmed-me' accusations the Supreme Court stated would not pass muster on a motion to dismiss in Iqbal, 129 S.Ct. at 1949.

Center for Special Procedures, 2010 WL 5068164, at * 6 (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

The Court here is deciding a motion to remand and not a motion to dismiss.  The Court need not determine at this point whether Plaintiff sufficiently has pled its breach of implied contract action so as to state a claim upon which relief can be granted.  See Iqbal, 129 S.Ct. at 1949; Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007).  But the point is NJBSC is the master of its complaint and it has chosen to plead its claims this way.  See id. (citing Caterpillar, 482 U.S. 398-99).  Plaintiff's state law claim for breach of contract is in no way based on any legal obligation under the ERISA plans.  See Blue Cross of Cal. v. Anesthesia Assoc. Med. Grp., Inc., 187 F.3d 1045, 1051-52 (9th Cir. 1999).  For this reason, the claims are not preempted by ERISA.

## CONCLUSION

In sum, the Court finds that NJBSC could not have brought its state law claims under § 502(a) and that the claims are predicated on an independent legal duty.  Therefore, Plaintiff's state law claims are not completely preempted under § 502(a) and the Court lacks subject matter jurisdiction.  For the reasons set forth above, it is respectfully recommended that Plaintiff's motion to remand be **granted**.




   **s/Mark Falk**             
**MARK FALK**
**Dated: February 17, 2017**        **United States Magistrate Judge**